UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 08-10251-JLT |
| | * | |
| CAROLYN KRAVETZ and | * | |
| BORIS LEVITIN, | * | |
| | * | |
| Defendants. | * | |

ORDER AND MEMORANDUM

June 6, 2013

TAURO, J.

This matter stems from criminal proceedings against codefendants Carolyn Kravetz and Boris Levitin. On July 22, 2010, and November 15, 2010, this court sentenced Kravetz and Levitin, respectively. Both defendants filed sealed sentencing memoranda and letters of support with the court.

These proceedings caught the attention of non-party reporter Jim Edwards, who filed three motions to unseal the defendants' filings. This court reviewed the filings, concluded that they contained "matters that are predominantly personal to Kravetz and that there is no apparent justification for their general publication," and denied Edwards's motions.[1] Edwards then moved to intervene for the limited purpose of appealing this denial.

On January 30, 2013, the United States Court of Appeals for the First Circuit issued an opinion affirming in part and vacating in part this court's denial of Edwards's motion to unseal.[2]

---

[1] Order, Apr. 4, 2011 [#119].

[2] United States v. Kravetz, 706 F.3d 47 (1st Cir. 2013).

1

The First Circuit concluded that both the sentencing memoranda and letters of support, whether attached to the memoranda or mailed directly to the court, were judicial records "entitled to a common law presumption of access."[3] Rather than ordering the documents unsealed, the court remanded to allow this court, in the first instance, to evaluate whether sufficient justification existed to overcome the presumption of access to any of the documents.[4] The First Circuit provided specific guidance on the types of privacy concerns sufficient to outweigh the presumption of access and emphasized a preference for redaction of sensitive materials.[5]

In light of the First Circuit's opinion, this court has undertaken a review of each sealed document. For the reasons following, this court hereby orders that the documents be UNSEALED as indicated more specifically below. The court has redacted portions of the documents where individual privacy interests outweigh the presumption of access and has in some cases concluded that entire letters shall remained sealed. In keeping with the First Circuit's mandate, this court has provided specific reasons justifying redaction.

This court hereby orders that:

1. Petitioner Edwards's Motion to Intervene [#123] for the limited purpose of appeal is ALLOWED.

2. Defendant Kravetz's Sentencing Memorandum [#77] is UNSEALED AS REDACTED by the court. Certain sections of the memorandum contain discussions of Kravetz's medical history, symptoms, past mental health treatment,

---

[3] Id. at 56.

[4] Id. at 61.

[5] See generally id. at 61-64 (evaluating privacy concerns and encouraging redaction).

and the effect of her medical history on friends and family. The court concludes that Kravetz's privacy interest in her medical information outweighs the presumption of access, and these matters are redacted.[6] Additionally, the court has redacted the names of certain individuals whose letters of support the court has concluded should remain sealed for reasons outlined below. The court has also redacted the identities of Kravetz's partner and children as irrelevant, relating to "family affairs,"[7] and having "no direct bearing upon the public's assessment of the sentences imposed."[8] Finally, portions of the memorandum describe instances of family members' illnesses. Kravetz's family members have compelling privacy interests in these "highly personal" matters,[9] and the court has accordingly redacted them.

3. Defendant Kravetz's letters of support [#77-1] are UNSEALED as follows:

    A. Serrano's letter is UNSEALED AS REDACTED by the court. The court has redacted sections detailing Kravetz's medical treatment.[10]

    B. The second letter of support is SEALED. This letter includes detailed discussion of a family member's ill health and Kravetz's own medical

---

[6] Id. at 63 ("Medical information is . . . 'universally presumed to be private, not public.'" (quoting In re Boston Herald, 321 F.3d 174, 190 (1st Cir. 2003))).

[7] Id. at 62 (quoting United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995)).

[8] Id. (leaving the district court to determine whether "the balance of interests justifies withholding from the public the identity of the authors").

[9] Id.

[10] Id. at 63.

        history. The individuals' personal privacy interests outweigh the presumption of public access.[11] Because the vast majority of the letter contains information properly sealed, redaction is not feasible.

   C.     The third letter of support is UNSEALED AS REDACTED by the court. The letter contains the identities of minor children and descriptions of family affairs with "no public ramifications."[12] The court concludes that redacting these sections and withholding the identity of the author properly balances the public and private interests and allows for the greatest disclosure of the letter's relevant content.[13]

   D.     Flynn's letter is UNSEALED.

   E.     Lenore Kravetz's letter is UNSEALED AS REDACTED by the court. The court has redacted a discussion of private family affairs.

   F.     Norman Kravetz's letter is UNSEALED AS REDACTED by the court. The court has redacted discussions of private family affairs and family members' illnesses.[14]

   G.     Arth's letter is UNSEALED.

   H.     The eighth letter of support is SEALED. The letter deals predominantly with family affairs, unverified information, and subjective remarks about

---

[11] Id. at 62-63.

[12] Id. at 62 (quoting Amodeo, 71 F.3d at 1051).

[13] Id. at 62-63 (leaving the appropriate remedy to the discretion of the trial court).

[14] Id. at 62.

        medical history. This court concludes that the individual privacy interests outweigh the presumption of access.[15] Because the vast majority of the letter contains information properly sealed, redaction is not feasible.

4.     Defendant Levitin's letter of support [#80] is UNSEALED.

5.     Defendant Levitin's Sentencing Memorandum [#95] is UNSEALED AS REDACTED by the court. The court has redacted significant portions of the memorandum. These portions detail incidents of domestic violence and other domestic relations affairs. Some portions discuss individuals' sexual orientation and practices. In total, these incidents risk misuse "to gratify private spite[,] promote public scandal,"[16] or fuel "personal vendettas."[17] The personal privacy interests at stake outweigh the presumption of public access.[18]

        Additionally, the court has redacted substantial information about the health and well-being of third parties and Defendant Levitin. Although Levitin discussed some of his medical conditions in open court at his sentencing,[19] the court concludes that these references did not waive his privacy interest in his

---

[15] Id. at 62-63; Amodeo, 71 F.3d at 1051.

[16] Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (internal quotations and citations omitted).

[17] Amodeo, 71 F.3d at 1051.

[18] See id.

[19] Sentencing Tr. 18, 20, 23, Nov. 15, 2010 [#132].

medical information.[20] The memorandum provides significantly more detail than he revealed during the hearing. Levitin has a continuing privacy interest in his medical information that outweighs the presumption of access.[21]

6. Defendant Levitin's letters of support [#95, Exs. 1-45] are UNSEALED as follows:

   A. Exhibits 1-3 are UNSEALED AS REDACTED by the court. The court has redacted excerpts referencing individuals' sexual orientation and practices, unverified medical information, incidents of domestic violence, and the medical history of third parties.[22]

   B. Exhibit 4 is SEALED. Because this entire letter discusses incidents of domestic violence, redaction is not appropriate.[23]

   C. Exhibit 5 is UNSEALED.

   D. Exhibits 6-10 are SEALED. These exhibits contain letters from Levitin's medical providers, including detailed medical testing information. This information is presumptively private, and Levitin did not waive his privacy interest through his disclosures at sentencing.[24]

---

[20] Kravetz, 706 F.3d at 63 (questioning whether Levitin's privacy claim "may lose some force in light of his prior publication of the information that he now seeks to protect").

[21] Id.

[22] Id. at 62-63.

[23] Id. (leaving the appropriate remedy to the district court).

[24] Id. at 63.

    E.        Exhibits 11-20 are UNSEALED.

    F.        Exhibit 21 is UNSEALED AS REDACTED by the court. The court has redacted materials relating to third parties' domestic matters.[25]

    G.        Exhibits 22-26 are UNSEALED.

    H.        Exhibit 27 is UNSEALED AS REDACTED by the court. The court has redacted materials relating to third parties' domestic matters.[26]

    I.        Exhibits 28-29 are UNSEALED.

    J.        Exhibit 30 is UNSEALED AS REDACTED by the court. The court has redacted materials relating to the domestic matters and medical history of third parties.[27]

    K.        Exhibits 31-35 are UNSEALED.

    L.        Exhibits 36-37 are UNSEALED AS REDACTED by the court. The court has redacted materials relating to third parties' domestic matters.[28]

    M.        Exhibits 38-45 are UNSEALED.

IT IS SO ORDERED. THIS CASE IS CLOSED.

                                                /s/ Joseph L. Tauro  
                                                United States District Judge

---

[25] Id. at 62 ("[W]e note that some of the letters contain discussion of the ill health of members of the authors' families, incidents of domestic violence, and other domestic relations matters. This information is highly personal and appears to have no direct bearing upon the public's assessment of the sentences imposed.").

[26] Id.

[27] Id.

[28] Id.